IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANE W. WORTMAN individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF IRA T. NEVEL, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT   1:18-cv-04522<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, by and through his attorneys, Joseph S. Davidson and Mohammed O. Badwan, of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, LAW OFFICES OF IRA T. NEVEL, LLC:

**NATURE OF ACTION**

1.   This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

2.   Faced with "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," in 1978, Congress enacted the FDCPA.  15 U.S.C. § 1692(a).

1

3. Congress targeted such behavior because it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id*.

4. Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

5. Congress declared "the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

**JURISDICTION, PARTIES AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff' FDCPA claims.

7. SHANE W. WORTMAN ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as he is a natural person obligated or allegedly obligated to pay mortgage debt.

9. LAW OFFICES OF IRA T. NEVEL, LLC ("Defendant") is a domestic limited liability company with its principal place of business in Chicago, Illinois.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

11. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

12. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

13. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

14. Venue is proper as a civil action may be brought in a judicial district in which any defendant resides. 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

15. On March 3, 2006, Plaintiff executed a mortgage in favor of ABN AMRO Mortgage Group, Inc. (the "Mortgage").

16. The Mortgage secured the purchase of Plaintiff's personal residence located at 24633 Lincolnway Street, Plainfield, Illinois 60544 (the "Property").

17. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $279,000.00 (the "Loan").

18. On or before August 15, 2007, ABN AMRO Mortgage Group, Inc. assigned and transferred this Mortgage to Lasalle Bank Midwest, N.A.

19. On October 1, 2016, Plaintiff defaulted by failing to make monthly payments pursuant to the Loan.

20. On November 30, 2016, Plaintiff initiated a bankruptcy case in the Northern District of Illinois by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

21. Notice of Plaintiff's bankruptcy case was sent to Bank of America, N.A. at NC4-105-03-14, P.O. Box 26012, Greensboro, North Carolina electronically on December 2, 2016.

22.     Notice of Plaintiff's bankruptcy case was sent to Bank of America, N.A. at 4909 Savarese Circle, Tampa, Florida 33634-2413 by first class mail on December 3, 2016.

23.     A true and correct representation of the Certificate of Notice is shown below:

```
Case 16-37931   Doc 11   Filed 12/01/16   Entered 12/03/16 23:43:49   Desc Imaged
                         Certificate of Notice    Page 3 of 4
                              United States Bankruptcy Court
                              Northern District of Illinois

In re:                                                        Case No. 16-37931-BWB
Shane William Wortman                                         Chapter 13
Nicole Teresa Wortman
         Debtors
                                  CERTIFICATE OF NOTICE
District/off: 0752-1       User: rruiz1           Page 1 of 2         Date Rcvd: Dec 01, 2016
                           Form ID: 309I          Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 03, 2016.
db/jdb        +Shane William Wortman,   Nicole Teresa Wortman,   24633 Lincolnway Street,
               Plainfield, IL 60544-2413
tr            +Glenn B Stearns,   801 Warrenville Road Suite 650,   Lisle, IL 60532-4350
25137620      +Adventist Bolingbrook Hospital,   500 Remington Boulevard,   Bolingbrook, IL 60440-4988
25137622      +Bank Of America,   4909 Savarese Circle,   Tampa, FL 33634-2413
25137626      +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   PO Box 790040,
               Saint Louis, MO 63179-0040
25137628      +Dupage Valley Anesthesia,   801 S. Washington Street,   Naperville, IL 60540-7430
25137629      +Edward Hospital,   Po Box 5995,   Peoria, IL 61601-5995
25137634      +Med Business Bureau,   1460 Renaissance Dr,   Park Ridge, IL 60068-1349
25137633      +Med Business Bureau,   1460 Renaissance Drive,   Suite 400,   Park Ridge, IL 60068-1349
25137635      +Merchants Credit,   223 W Jackson Blvd,   Suite 700,   Chicago, IL 60606-6914
25137637      +Merchants Credit,   223 W Jackson St,   Chicago, IL 60606-6914

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty            E-mail/Text: ovjd@yahoo.com Dec 02 2016 02:13:38     Orlando Velazquez,
               Sulaiman Law Group, LTD,   900 Jorie Blvd,   Ste 150,   Oak Brook, IL  60523
ust           +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Dec 02 2016 02:15:03     Patrick S Layng,
               Office of the U.S. Trustee, Region 11,   219 S Dearborn St,   Room 873,
               Chicago, IL 60604-2027
25137619       EDI: HNDA.COM Dec 02 2016 01:43:00      Acura Financial Services,   2080 Cabot Boulevard West,
               Lockbox #7829,   Langhorne, PA 19047
25137621      +EDI: BANKAMER.COM Dec 02 2016 01:38:00      Bank Of America,   Nc4-105-03-14,   PO Box 26012,
               Greensboro, NC 27420-6012
```

24.     The schedules filed by Plaintiff listed Bank of America, N.A. on Schedule D: Creditors Who Have Claims Secured by Property.

25.     The schedules filed by Plaintiff listed Bank of America, N.A. as having a claim in amount of $274,191.00.

4

26. A true and correct representation of Plaintiff's Schedule D is shown below:

> **Case 16-37931   Doc 1   Filed 11/30/16   Entered 11/30/16 17:35:11   Desc Main Document   Page 18 of 55**
>
> **Fill in this information to identify your case:**
>
> Debtor 1: Shane William Wortman
> Debtor 2 (Spouse if, filing): Nicole Teresa Wortman
> United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS
> Case number (if known): ____
> ☐ Check if this is an amended filing
>
> **Official Form 106D**
> **Schedule D: Creditors Who Have Claims Secured by Property** 12/15
>
> Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).
>
> 1. Do any creditors have claims secured by your property?
>    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
>    ☒ Yes. Fill in all of the information below.
>
> **Part 1: List All Secured Claims**
>
> 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.
>
> | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion if any |
> |---|---|---|---|---|
> | 2.1 | **Bank Of America** (Creditor's Name)<br>Nc4-105-03-14<br>PO Box 26012<br>Greensboro, NC 27410<br>(Number, Street, City, State & Zip Code) | Describe the property that secures the claim:<br>24633 Lincolnway Street Plainfield, IL 60544 Will County<br>Pin: 06-03-16-110-012<br>Zillow Valuation | $274,191.00 | $290,651.00 | $0.00 |
>
> As of the date you file, the claim is: Check all that apply.
> ☐ Contingent
> ☐ Unliquidated
> ☐ Disputed
>
> Who owes the debt? Check one.
> ☐ Debtor 1 only
> ☐ Debtor 2 only
> ☒ Debtor 1 and Debtor 2 only
> ☐ At least one of the debtors and another
> ☐ Check if this claim relates to a community debt
>
> Nature of lien. Check all that apply.
> ☐ An agreement you made (such as mortgage or secured car loan)
> ☐ Statutory lien (such as tax lien, mechanic's lien)
> ☐ Judgment lien from a lawsuit
> ☐ Other (including a right to offset) ____
>
> Date debt was incurred: Opened 03/06 Last Active 9/26/16
> Last 4 digits of account number: 3463

27. The plan filed by Plaintiff provided for Plaintiff's surrender of the Property in full satisfaction of Bank of America, N.A.'s claims.

28. On December 5, 2016, an appearance was filed by Amanda J. Doyle of Heavner, Beyers & Mihlar, on behalf of Bank of America, N.A.

29. On January 27, 2017, a proof of claim was filed by Zhiqi Wu of Heavner, Beyers & Mihlar, LLC on behalf of Bank of America, N.A.

30. On August 15, 2017, a transfer of Bank of America, N.A.'s claim was filed by Jose G. Moreno of Codilis & Associates, P.C. on behalf of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank, N.A.").

31. On September 11, 2017, Plaintiff was granted a discharge under section 1328(a) of the United States Bankruptcy Code.

32. Plaintiff's discharge eliminated any personal liability on the indebtedness owed to Bank of America, N.A. and secured by the Property.

33. A true and correct representation of Plaintiff's Discharge Order is shown below:

```
Case 16-37931    Doc 34    Filed 09/11/17    Entered 09/13/17 23:34:44    Desc Imaged
                           Certificate of Notice    Page 1 of 4
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Shane William Wortman | Social Security number or ITIN | xxx-xx-5233 |
| | First Name   Middle Name   Last Name | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | Nicole Teresa Wortman | Social Security number or ITIN | xxx-xx-1234 |
| | First Name   Middle Name   Last Name | EIN | __-_____ |
| United States Bankruptcy Court   Northern District of Illinois | | | |
| Case number:   16-37931 | | | |

**Order of Discharge**                                                                 12/15

IT IS ORDERED: A discharge under 11 U.S.C. § 1328(a) is granted to:

  Shane William Wortman                    Nicole Teresa Wortman

If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

September 11, 2017                          For the court:   Jeffrey P. Allsteadt, Clerk
                                                             United States Bankruptcy Court

34. Notice of Plaintiff's discharge was sent to Bank of America, N.A. in care of Amanda J. Doyle through the court's CM/ECF electronic mail system on September 11, 2017.

35. Notice of Plaintiff's discharge was sent to U.S. Bank, N.A. in care of Jose G. Moreno through the court's CM/ECF electronic mail system on September 11, 2017.

36. Notice of Plaintiff's discharge was sent to Bank of America, N.A. at NC4-105-03-14, P.O. Box 26012, Greensboro, North Carolina electronically on September 12, 2017.

37. Notice of Plaintiff's discharge was sent to Bank of America, N.A. at P.O. Box 31785, Tampa, Florida electronically on September 12, 2017.

38. Notice of Plaintiff's discharge was sent to Bank of America, N.A. at 4909 Savarese Circle, Tampa, Florida 33634-2413 by first class mail on Septeber 13, 2017.

39. A true and correct representation of the Certificate of Notice is shown below:

```
Case 16-37931   Doc 34   Filed 09/11/17   Entered 09/13/17 23:34:44   Desc Imaged
                         Certificate of Notice   Page 3 of 4
                         United States Bankruptcy Court
                         Northern District of Illinois

In re:                                                          Case No. 16-37931-PSH
Shane William Wortman                                           Chapter 13
Nicole Teresa Wortman
         Debtors
                            CERTIFICATE OF NOTICE
District/off: 0752-1       User: pseamann           Page 1 of 2         Date Rcvd: Sep 11, 2017
                           Form ID: 3180W           Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 13, 2017.
db/jdb         +Shane William Wortman, Nicole Teresa Wortman,   24633 Lincolnway Street,
                Plainfield, IL 60544-2413
25271099       +AMITA Health Adventist Medical Center,   PO Box 9246,   Oak Brook, IL 60522-9246
25137620       +Adventist Bolingbrook Hospital,   500 Remington Boulevard,   Bolingbrook, IL 60440-4988
25137622       +Bank Of America,   4909 Savarese Circle,   Tampa, FL 33634-2413
25137626       +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   PO Box 790040,
                Saint Louis, MO 63179-0040
25137628       +Dupage Valley Anesthesia,   801 S. Washington Street,   Naperville, IL 60540-7430
25137629       +Edward Hospital,   Po Box 5995,   Peoria, IL 61601-5995
25137634       +Med Business Bureau,   1460 Renaissance Dr,   Park Ridge, IL 60068-1349
25137633       +Med Business Bureau,   1460 Renaissance Drive,   Suite 400,   Park Ridge, IL 60068-1349
25137635       +Merchants Credit,   223 W Jackson Blvd,   Suite 700,   Chicago, IL 60606-6914
25137637       +Merchants Credit,   223 W Jackson St,   Chicago, IL 60606-6914
25304104       +Toyota Lease Trust,   c/o TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 9013,
                ADDISON, TEXAS 75001-9013
25918232       +U.S. Bank National Association, not in its,   C/O Codilis & Associates, P.C.,
                15W030 North Frontage Rd.,   Suite 100,   Burr Ridge, IL 60527-6921

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
25137619        EDI: HNDA.COM Sep 12 2017 02:08:00      Acura Financial Services,   2080 Cabot Boulevard West,
                Lockbox #7829,   Langhorne, PA 19047
25181558        EDI: HNDA.COM Sep 12 2017 02:08:00      Acura Financial Services,   National Bankruptcy Center,
                P.O. Box 168088,   Irving, TX 75016-8088,   866-716-6441
25137621       +EDI: BANKAMER.COM Sep 12 2017 02:08:00      Bank Of America,   Nc4-105-03-14,   PO Box 26012,
                Greensboro, NC 27420-6012
25268921        EDI: BANKAMER.COM Sep 12 2017 02:08:00      Bank Of America, N.A.,   PO BOX 31785,
                Tampa, FL 33631-3785
```

Case 16-37931    Doc 34    Filed 09/11/17    Entered 09/13/17 23:34:44    Desc Imaged
                           Certificate of Notice    Page 4 of 4

District/off: 0752-1         User: pseamann              Page 2 of 2              Date Rcvd: Sep 11, 2017
                             Form ID: 3180W              Total Noticed: 27

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2017 at the address(es) listed below:
              Amanda J Doyle    on behalf of Creditor    Bank of America, N.A. bankruptcy@hsbattys.com,
              bk4hsbm@gmail.com
              Glenn B Stearns    mcguckin_m@lisle13.com
              Jose G Moreno    on behalf of Creditor    U.S. Bank National Association, not in its individual
               capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, nd-one@il.cslegal.com

40. On June 15, 2018, Defendant sent Plaintiff a dunning letter, providing:

As of 06/18/2018, *you owe* U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT $309,456.68. (emphasis added).

41. A true and correct representation of the dunning letter is shown below:

*Law Offices of Ira T. Nevel*, LLC

175 N. FRANKLIN STREET
SUITE 201
CHICAGO, ILLINOIS 60606
TELEPHONE (312) 357-1125
FAX (312) 357-1140
iranevel@nevellaw.com

June 18, 2018

NICOLE T WORTMAN
SHANE W WORTMAN
24633 LINCOLNWAY ST
PLAINFIELD, IL 60544

Loan # ▮▮▮▮▮▮▮

Dear Borrower,

Your mortgage loan has been referred to our office to file a foreclosure complaint. In the event further activity by this office is necessary, I am required to inform you of the following:

As of 06/18/2018, you owe U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT $309,456.68.

8

42. A true and correct copy of the dunning letter is attached as Exhibit A.

43. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveyed information regarding debt allegedly owed directly to Plaintiff.

44. Exhibit A attempted to collect monies allegedly owed by Plaintiff relative to the Loan.

45. By transmitting Exhibit A to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. §§ 1692e(2) and e(10)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. The indebtedness allegedly owed to the U.S. Bank, N.A. is a "debt" as defined by 15 U.S.C. § 1692a(5).

48. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

49. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

50. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

51. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

52. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(10) by using false representations that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

53. In fact, Plaintiff did not owe $309,456.68 as Plaintiff's discharge eliminated Plaintiff's personal liability on the indebtedness owed to U.S. Bank, N.A.

54. Defendant violated 15 U.S.C. §§ 1692e(2) and e(10), and thus Plaintiff is entitled to recover damages and costs of the action, together with reasonable attorney's fees.

55. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e(2);

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Plaintiff bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

### A. Numerosity.

58. On information and belief, Defendant mailed this Notice out to Illinois consumers on no less than 40 occasions.

59. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

### B. Typicality.

60. Plaintiff's claims are typical of the claims of other members of the Putative Class.

61. On information and belief, Defendant's business records will show that they mailed this Notice to borrowers on behalf of multiple lenders.

62. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

### C. Commonality and Predominance.

63. There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

64. These common questions of fact and law are whether Defendant threatened the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

65. These common questions of fact and law are subject to common proof through review of Defendant's business records.

66. These common questions of fact and law are answerable for the entirety of the Putative Class.

67. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.    Superiority and Manageability.**

68. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

69. Joinder of all parties is impracticable.

70. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

71. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

72. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

73. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation.

74. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

75. Plaintiff has retained counsel extremely competent and experienced in consumer class action litigation.

76. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. §§ 1692e(2) and e(10)

77. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

79. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

80. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362)

or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

81. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

82. By sending letters similar to Exhibit A to members of the Putative Class, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that members of the Putative Class *owed* monies to Defendant's mortgage servicer client(s) despite members of the Putative Class's bankruptcy discharge.

83. Defendant violated 15 U.S.C. §§ 1692e(2) and e(10), members of the Putative Class are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

84. As set forth above, Plaintiffs can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

85. The Putative Class is defined as follows:

> All natural persons residing in the United States of America who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) for purposes of collection upon a consumer debt (d) that was discharged in Chapter 7 or Chapter 13 bankruptcy pursuant to 11 U.S.C. §§ 727 or 1328(a).

86. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally

adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

87. Members of the Putative Class will be identified through discovery of Defendant's business records.

88. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e(2) and e(10);

D.      an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E.      an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

June 29, 2018                                                   Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Shane W. Wortman*