

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Shane Wortman, ) | |
| ) | |
| Plaintiff, ) | No. 18-cv-4522 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| Law Offices of Ira T. Nevel, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant's motion to dismiss [7] is denied.

## STATEMENT

Shane Wortman ("Plaintiff") brings this putative class action against the Law Offices of Ira T. Nevel, LLC ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Before the Court is Defendant's motion to dismiss. For the reasons stated below, the motion is denied.

On March 2, 2006, Plaintiff received a mortgage loan from ABN AMRO Mortgage Group so that he could buy a house. The rights to this mortgage loan were sold to Bank of America. Plaintiff defaulted on the loan in 2016.

On November 30, 2016, Plaintiff filed for Chapter 13 bankruptcy. Plaintiff scheduled Bank of America in the bankruptcy. Under the Chapter 13 Plan, Plaintiff was to surrender the house to Bank of America in exchange for complete satisfaction of claims; the bankruptcy plan was confirmed by the bankruptcy court. On September 11, 2017, after complying with and fulfilling all the obligations created by the Chapter 13 Plan, Plaintiff was discharged from bankruptcy. Because he was discharged, Plaintiff's liability on the mortgage loan was extinguished and he was afforded protections under the 11 U.S.C. § 524.

In 2018, Defendant filed a foreclosure complaint involving the underlying 2006 mortgage loan. On June 15, 2018, Defendant sent Plaintiff a letter stating:

> Your mortgage loan has been referred to our office to file a foreclosure complaint.
> ***
> As of 06/18/2018, you owe U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT $309,456.68.
>
> ***
>
> The law does not require this office to wait until the end of the thirty-day period before suing you to collect this debt.

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 665 F.3d at 934 (internal quotation marks and citation omitted).

"Claims brought under the FDCPA are evaluated under the objective 'unsophisticated consumer' standard." Gruber v. Creditors' Prot. Serv., Inc., 742 F.3d 271, 273 (7th Cir. 2014). As the Seventh Circuit has explained, "[o]n the one hand, the unsophisticated consumer may be uninformed, naive, or trusting, but on the other hand the unsophisticated consumer does possess [ ] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences." Id. at 273-74 (citation and internal quotation marks omitted); see also Boucher v. Fin. Sys. of Green Bay, Inc., 880 F.3d 362, 366 (7th Cir. 2018).

The Seventh Circuit views "the confusing nature of a dunning letter as a question of fact." Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 776 (7th Cir. 2007). When a complaint is well-pleaded it should avoid dismissal. McMillan v. Collection Prof'l Inc., 455 F.3d 754, 759 ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.") (internal quotation marks omitted); see also Boucher, 880 F.3d at 366 ("Because this inquiry involves a fact-bound determination of how an unsophisticated consumer would perceive the statement, dismissal is only appropriate in cases involving statements that plainly, on their face, are not misleading or deceptive.") (quotations and citations omitted). "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" Zemeckis v. Glob. Credit & Collection Corp., 679 F.3d 632, 636 (7th Cir. 2012) (quoting Taylor v. Cavalry Invs., LLC, 365 F.3d 572, 574 (7th Cir. 2004) (internal quotation marks omitted).

Plaintiff alleges that language in the letter, "you owe [creditor] $309,456.58" is false and in violation of 15 U.S.C. §§ 1692e(2) and 1692e(10). Section 1692e(2) prohibits "[t]he false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by an debt collector for the collection of a debt." 15 U.S.C. § 1692e(2). And, Section 1692e(10) prohibits, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff further alleges that the statement is false because his debts were discharged through his bankruptcy proceedings in September 2017.

Defendant puts forward two arguments for dismissal. First, Defendant argues that the letter complies with the safe harbor language suggested by the Seventh Circuit in Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997), and therefore, the act of sending the letter should not expose it to liability under the FDCPA. For further support, Defendant cites to Thomas v. Law Firm of Simpson &

2

Cybak, 392 F.3d 914, 915 (7th Cir. 2004)(en banc), which held that the statutory "verification notice" must precede or accompany a complaint when the creditor's law firm satisfies the definition of a debt collector. But, the holding in Thomas was nullified when Congress added a new subsection to Section 1692g. See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 473 (7th Cir. 2007) (citing Pub.L. 109–351, 120 Stat.2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d)). In turn, Thomas is not applicable here because its holding concerned the notice of debt provision, not the applicable "false or misleading representations" provision. And more importantly, the holding was superseded by statute.

Defendant's argument relying on Heibl also fails. Heibl creates a safe harbor for debt collectors for claimed violations of Section 1692g, see e.g., Blum v. Lawent, No. 02 C 5596, 2003 WL 22078306, at *5 (N.D. Ill. Sept. 8, 2003), which applies to the "initial communication with a consumer." See 15 U.S.C. § 1692g; Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 320 (7th Cir. 2016); cf. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000) (safe harbor for "amount in debt" provision). However, some courts have found safe harbors, such as the section 1692g safe harbor created by Miller, to be instructive in evaluating a plaintiff's claims under section 1692e at summary judgment. See, e.g., Washington v. Portfolio Recovery Assocs., LLC, 211 F. Supp. 3d 1041, 1051 (N.D. Ill. 2016) ("While the Court agrees that the Miller safe harbor was fashioned specifically for § 1692g "amount of debt" claims, it nonetheless finds Miller instructive in evaluating Plaintiff's claims under §§ 1692e and 1692f."). But, at the pleading stage, the inquiry remains whether Plaintiff has plausibly alleged that an unsophisticated consumer would have been misled or confused after receiving the letter sent by Defendant. Given that Plaintiff has pleaded that he was discharged from his debts in September 2017, notice of his discharge was sent to his creditors, and he subsequently received a letter, in June 2018, stating that he owed over $300,000, the Court finds Plaintiff's allegations sufficient to avoid dismissal as a matter of law. See Zemeckis v. Glob. Credit & Collection Corp., 679 F.3d 632, 636 (7th Cir. 2012).

Next, Defendant argues that the bankruptcy disclaimer found within the letter exculpates it from liability, and the letter is not an attempt to collect money. Def. Mot. Dismiss at 2, 4. Page two of the letter includes the following language:

> IF YOU ARE CURRENTLY IN A BANKRUPTCY PROCEEDING OR HAVE PREVIOUSLY OBTAINED A DISCHARGE OF THE DEBT UNDER APPLICABLE BANKRUPTCY LAW, THIS NOTICE IS FOR INFORMATION ONLY AND IS NOT AN ATTEMPT TO COLLECT THE DEBT, A DEMAND FOR PAYMENT, OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR THAT DEBT. YOU ARE NOT OBLIGATED TO DISCUSS YOUR HOME LOAN WITH THIS OFFICE OR YOUR MORTGAGE LENDER. YOU SHOULD CONSULT WITH YOUR BANKRUPTCY ATTORNEY OR OTHER ADVISOR ABOUT YOUR LEGAL RIGHTS AND OPTIONS.

Id. Defendant cites Cardona v. FCI Services, Inc., No. 17 C 1278, 2017 WL 3531492, at *3 (N.D. Ill. Aug. 16, 2017), for support in its argument that the bankruptcy disclaimer converts the letter into an informational letter, not one attempting to collect a debt. Defendant appears to be arguing for a categorical rule that liability cannot be imposed if a letter contains a bankruptcy disclaimer. Several courts in this district, however, reject this position and have held that such disclaimers (like the one here) are insufficient to warrant dismissal, when other parts of the letter could be

3

plausibly read as an attempt to collect a debt. See, e.g., Gagnon v. JPMorgan Chase Bank, N.A., 563 B.R. 835, 845 (N.D. Ill. Jan. 3, 2017); Price v. Seterus, Inc., No. 15 C 7541, 2016 WL 1392331, at *4 (N.D. Ill. Apr. 8, 2016).

     As Defendant argues, Cardona is a case in which the contested letter does not contain language that could be plausibly read as a debt collection letter. Notably, the court in Cardona neither cites nor analyzes any additional language besides the bankruptcy disclaimer. It is possible that the Cardona letter did not contain any additional debt collection language or that it was innocuous. Here, on the other hand, the debt collection language exists: "The law does not require this office to wait until the end of the thirty-day period before suing you to collect this debt." Def. M. Dismiss, Ex. A. And: "If you do not dispute the debt within this thirty-day period, we will assume that the debt is valid." This language is requesting an affirmative act by Plaintiff, undercutting Defendant's argument that the letter was for informational purposes only. Also, the letter states: "THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT." Id.

     The language cited above plainly expresses that Defendant is attempting to collect a debt and conflicts with the bankruptcy disclaimer, which creates an issue of fact regarding whether an objective unsophisticated consumer would have been misled by this letter. Therefore, Defendant has "not demonstrated, as a matter of law, that [the] disclaimer language is sufficiently clear that it is implausible that an unsophisticated debtor would believe that [Defendant was] attempting to collect a debt from the debtor personally." Gagnon, 563 B.R. at 844.

     In conclusion, the text of the letter can be plausibly read as an attempt to collect a debt. Because the letter contains a bankruptcy disclaimer that conflicts with the cited language, questions of material fact remain, preventing dismissal a matter of law. As the case progresses, these questions may be answered, or other defenses raised, at which point the litigants can take appropriate action. Accordingly, Defendant's motion to dismiss is denied.

     IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 25, 2019

4