1433-8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, | ) ) ) ) | Civil Action |
| Plaintiff, | ) | |
| v. | ) ) | No. 1:18-cv-04522 |
| LAW OFFICES OF IRA T. NEVEL, LLC, Defendant. | ) ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, LAW OFFICES OF IRA T. NEVEL, LLC, ("Defendant") hereby submits this brief in reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

A. **CONSTRUED OBJECTIVELY, THE LETTER WAS NOT AN ATTEMPT TO COLLECT A DEBT.**

"[W]hether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 798 (7th Cir. 2009). Both sides concede that this issue is determined by weighing the factors discussed in *Gburek v Litton Loan Serv'g., LP,* 614 F.3d 380 (7th Cir. 2010). Those factors, Defendant has argued, strongly favor the conclusion that the Letter was not an attempt to collect a debt.

The first and second factors fall squarely Defendant's way, not only because the Letter states that it is "for informational purposes only", but also because it makes no direct or indirect demand for payment. Although there is unquestionably an unpaid debt, the Letter does not say or ask the Plaintiff to pay it. The Letter, read as a whole, is intended simply to advise Plaintiff that foreclosure is imminent and to provide to him the information he needs if he wishes to save his home. In this context, the Letter simply cannot be read as a demand for payment. See, *Bailey v. Sec. Nat. Servicing Corp.,* 154 F.3d 384, 389 (7th Cir. 1998) ("A warning that something bad

1

might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstance wherein payments are missed and a real dun must be mailed.").

Plaintiff makes much of the fact that the Letter bears a "mini-Miranda" warning required by Section 1692g of the FDCPA the presence of which proves the Letter is an attempt to collect a debt. (Resp. p. 5). Courts recognize that a debt collector may include the language out of an abundance of caution and should not be faulted for erring on the side of caution and including standard language. *Ali v. Portfolio Recovery Assocs., LLC,* 2018 WL 4699756, at *3 (N.D. Ill.). So the presence of the disclaimer has no bearing at all on this question. See, *Gburek*, 614 F.3d at 386, fn.3 (citing *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 400 (6th Cir. 1998)); see also *Maynard v. Cannon*, 401 Fed.Appx. 389, 395 (10th Cir. 2010) (stating "the inclusion of the FDCPA notice is legally irrelevant"); *Shelley v. Ocwen Loan Servicing, LLC,* 2013 WL 4584649, at 5 (S.D. Ind.) (citing cases).

Plaintiff's attempt to distinguish *Tyler v. Fabrizio & Brook, P.C.,* 2019 WL 1002591 (E.D. Mich. 2019), where the court found a nearly identical letter not to be an attempt to collect a debt, is entirely unconvincing. The attorney's letter in that case -- like the Letter here -- said "you owe" debt that had been previously discharged in bankruptcy, bore the mini-Miranda warning, identified the defendant as a debt collector, and bore the same bankruptcy disclaimer, in bold letters at the bottom of the letter. *Id*. at * 1. Yet Plaintiff says the communication at issue in *Tyler* was different because the defendant did not also threaten to sue the plaintiff. (Resp. pp. 6-7). But Defendant's Letter makes no such threat. The language Plaintiff cites only informs Plaintiff that, under the FDCPA, unless he disputes the debt Defendant is not prohibited from proceeding to foreclose. See, 15 U.S.C. § 1692g. In all other respects the Letter is identical to the letter in *Tyler*.

2

While this court had earlier ruled that the language of the Letter conflicts with the bankruptcy disclaimer, its ruling was made in the context of a motion to dismiss. As such, there was no evidence presented at that time that the mortgage had been in default for twenty months before Plaintiff received the Letter (SMF ¶¶ 2, 4) or of Defendant's purpose in sending the Letter, which was for informational purposes to help Plaintiff avoid the loss of his home and comply with the FDCPA. (SMF ¶¶ 5-6). These factors, coupled with the bankruptcy disclaimer, warranted summary judgment for the defendant in *Cardona v FCI Services, Inc.*, 2017 WL 3531492 (N.D. Ill. 2017) on the issue of whether the communication was an attempt to collect a debt and for the same reasons warrants summary judgment for the Defendant here.

**B.    SUMMARY JUDGMENT IS ALSO WARRANTED BECAUSE EVEN IF THE LETTER CONTAINED A FALSE STATEMENT IT WOULD NOT MISLEAD OR DECEIVE AN UNSOPHISTICATED CONSUMER.**

It is Plaintiff who is misleading the Court by asserting that the categories enumerated in *Ruth v. Triumph Partnerships,* 577 F.3d 790 (7th Cir. 2009) do not apply to claims based on false statements. (Resp. pp. 8, 10). In *Ruth,* the Seventh Circuit expressly stated that "[s]tatements alleged to be ***false or misleading*** under § 1692e fall into [the] three categories." *Id*. at 800. (emphasis added). *Ruth* relied on *Wahl v. Midland Credit Mgmt*. 556 F.3d 643 (2009) which expressly held that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA - even if it is false in some technical sense. For purposes of § 1692e, then a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Id*. at 646–47; see also *Muha v. Encore Receivable Mgmt. Inc.*, 558 F.3d 623, 627 (7th Cir. 2009) (same).

Thus, the courts in this circuit have expressly rejected the argument Plaintiff makes here that a false statement automatically violates the FDCPA. (Resp. p. 8). False statements, by themselves, do not violate the FDCPA. *Wahl* at 646. A false or misleading statement violates the

3

FDCPA only if the unsophisticated consumer would be misled or deceived by the statement. *Id*. See also, *Johnson v. Enhanced Recovery Co., LLC,* 961 F.3d 975, 983 (7th Cir. 2020).

It is the question of what evidence, if any, the plaintiff must proffer to prove that the unsophisticated consumer would be deceived or misled by the false or misleading statement which the *Ruth* categories address. According to *Ruth*, if the communication is plainly on its face not misleading or deceptive then the court need not look to extrinsic evidence. It must grant dismissal or summary judgment to the defendant on its own determination for claims falling under this first category. *Ruth* at 800; see also *Wahl* at 646.

If the communication is false, but not plainly misleading or deceptive, but possibly misleading or deceptive to the unsophisticated consumer, then the plaintiff can only prevail by producing extrinsic evidence that the unsophisticated consumer would find the communication misleading or deceptive. *Id*. For communications falling into this second category, if the plaintiff fails to proffer such evidence or cannot prove that the unsophisticated consumer would be deceived or misled by the communication, the defendant is entitled to summary judgment. See *Lemke v. Escallate, LLC*, 374 F.Supp.3d 727, 732 (N.D. Ill. 2019) (when plaintiff failed to present any extrinsic evidence in § 1692e FDCPA claim that fell into second Ruth category, defendant was entitled to summary judgment); see also *McCurdy v. Grant & Weber, Inc.,* 2019 WL 4735440, at *3 (N.D. Ill.) (same). The third category are communications that are so clearly confusing on their faces that a court may award summary judgment to the plaintiff on that basis. *Ruth* at 801. The plaintiff need not "prove what is already clear." *Id*.

While paying lip service to the rule that the communication must be read in its entirety, (Resp. p. 8), Plaintiff studiously avoids addressing the bankruptcy disclaimer set forth in capital letters at the end of the Letter telling Plaintiff he is not personally responsible for the debt. He focuses only on the "you owe" language and the FDCPA disclaimers. But no one reading this

4

Letter through to the end would understand it to mean other than 1) there is an outstanding debt, which is undeniably true, 2) which the debtor owes, *unless* he is in bankruptcy or has been discharged in bankruptcy, which is also undeniably true. In the latter situations, the Letter says it is intended for the purpose of providing the debtor information about the debt that he or she may need should they wish to save their home and that it is not an attempt to collect the debt. Again, all true. Indeed, in determining what an unsophisticated consumer would understand the law presumes they will also have "a reasonable knowledge of her account's history." *Wahl* at 646. They would know, in other words, that the debt had been discharged in bankruptcy. See, *Cardona, supra* at *3.

There is nothing false about the Letter and the unsophisticated consumer would not be deceived or misled into thinking he or she owes a discharged debt. Defendant is therefore entitled to summary judgment on the basis that the Letter is plainly on its face not misleading or deceptive.

C. **ALTERNATIVELY, SUMMARY JUDGMENT IS WARRANTED BECAUSE PLAINTIFF HAS NO EXTRINSIC EVIDENCE THAT AN UNSOPHISTICATED CONSUMER WOULD BE MISLED OR DECEIVED BY THE ALLEGEDLY FALSE STATEMENT.**

But the Court need not agree with Defendant on this point to grant its motion for summary judgment. For even if the Letter, read as a whole, which perforce includes the bankruptcy disclaimer, could confuse or deceive an unsophisticated consumer, Plaintiff has proffered no extrinsic evidence of that fact. That failure entitles Defendant to summary judgment.

The Court need look no further than *Brand v. Caliber Home Loans, Inc.,* 2018 WL 4898572 (N.D. Ill.) to see why this is so. That case was decided at summary judgment and concerned a claim that a debt collector had sent a letter to the consumer allegedly attempting to collect a discharged debt. The letter in *Brand* bore a bankruptcy disclaimer like the one in this

5

case. * 1. While the letter differed in other ways from the Letter at issue here, leading the court to conclude that it "ha[d] at least the potential to mislead", it nonetheless awarded summary judgment to the defendant because the plaintiff offered no extrinsic evidence that it would confuse a significant fraction of the population. * 7. The presence of the bankruptcy disclaimer compelled the court to flat out reject the argument that Plaintiff makes in this case (Resp. pp. 10-11) which is that the letter was "plainly misleading or deceptive" on its face. *Id*.

Thus, regardless of what else a letter sent to a debtor whose debt has been discharged in bankruptcy says, if it includes a bankruptcy disclaimer, it is categorically not "so clearly confusing on [its face] that a court may award summary judgment to the plaintiff on that basis." *Ruth* at 801. The only way this could be otherwise is to read the Letter as Plaintiff does which is by ignoring the disclaimer altogether. Thus, extrinsic evidence of confusion is required, which the Plaintiff here lacks. See *Lemke v. Escallate, LLC,* 374 F.Supp.3d 727, 732 (N.D. Ill. Mar. 19, 2019) (defendant was entitled to summary judgment where plaintiff failed to present any extrinsic evidence in § 1692e FDCPA claim that fell into second *Ruth* category); *McCurdy v. Grant & Weber, Inc.,* 2019 WL 4735440, at *3 (N.D. Ill.) (same).

Plaintiff misconstrues Defendant's argument in pointing out that "[c]ourts in this District have repeatedly rejected the contention that the placement of a bankruptcy disclaimer in a communication from a debt collector immunizes the debt collector from FDCPA liability." (Resp. p. 11). Defendant is not making that argument. Rather, it contends that the Letter read as a whole – including the bankruptcy disclaimer – could not possibly deceive or mislead the unsophisticated consumer; or if it could, then the plaintiff has to come forward with evidence that a significant portion of the population would be deceived or misled.

Indeed, with the exception of *Folkerts v. Seterus, Inc.,* 2019 WL 1227790 (N.D.Ill.), the cases Plaintiff cites did not even address whether the communication would be misleading or

deceptive to an unsophisticated consumer. The cases address the effect of the disclaimer on the threshold question of whether the communication at issue amounted to an attempt to collect a debt. None save *Folkerts v. Seterus, Inc.,* 2019 WL 1227790 (N.D. Ill.) addressed whether a communication carrying such a disclaimer would deceive or mislead the unsophisticated consumer into believing he or she was legally bound to pay the discharged debt. In *Folkerts*, in fact, the court found that the disclaimer coupled with other details of the communication created could "lead an unsophisticated consumer to overlook [the disclaimer] and view the statements as bills". * 14. Thus, *Folkerts* is consistent with *Brand* that at the presence of the bankruptcy disclaimer in a dunning letter puts the communication in the second *Ruth* category.[1]

The only "proof" offered by Plaintiff that that the Letter would deceive or mislead the unsophisticated consumer that he or she was personally liable for the discharged debt is Plaintiff's and his wife's self-serving testimony that they were misled by the Letter and certain statements from Defendant's designated representative. (Resp. p. 13). But the "mere claim of confusion is not enough: a plaintiff must show that the challenged ... '[communication] unacceptably increases the level of confusion.'" A "plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005) (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000) and *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 574-575 (7th Cir. 2004)). The burden of proof is on the plaintiffs to present evidence of confusion (beyond their own) in the form of an objective measure, like "a carefully designed and conducted consumer survey" *Chuway v. National Action Financial Services, Inc.,* 362 F.3d 944,

---

[1] Although the court in *Folkerts* found that the communication could mislead or deceive an unsophisticated consumer, it did not reach the issue of whether the plaintiff had extrinsic evidence of that fact or if it had, the quality of that evidence.

948 (7th Cir.2004); *Sims v. GC Servs. L.P.,* 445 F.3d 959, 963 (7th Cir. 2006) or an appropriate expert witness. *Pettit,* 211 F.3d at 1062.

Plaintiff lacks any such objective evidence. His wife's assertion that she was misled is not indicative of whether a significant portion of the population would also be misled. Nor is Defendant's representative's statements probative of that fact. And while Defendant did subsequently change the form Letter to remove the "you owe" language, it did so not only to make it "more clear" but also to avoid being dragged into lawsuits like this. (Resp. to Pl. SOF ¶ 8). It was not an admission of liability. And whatever the reason for deciding to change the form letter, the statement is inadmissible anyway under Fed. R. Evid. 407. See, *R.M. Perlman, Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89–22–1*, 33 F.3d 145, 156 (2d Cir. 1994) (holding that letter with suggested revisions to standard form contract was a subsequent remedial measure and could not be used to show Union's intent to apply the contract to the employer-plaintiff in an unlawful way, constituting an unfair labor practice). Even if it were admissible, it has no probative value to whether a significant portion of the population would have been misled by the arguably "less clear" language. *Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012); see also, *Pettit* at 1060 ("According to our unsophisticated debtor standard, a statement will not be confusing or misleading unless a significant fraction of the population would be similarly misled").

Thus, Plaintiff's failure to offer extrinsic evidence that the language would confuse or mislead a significant fraction of the population is fatal to his FDCPA claim. *Johnson v. Enhanced Recovery Co., LLC,* 362 F.Supp.3d 579, 587 (N.D. Ind. 2019), aff'd, 961 F.3d 975 (7th Cir. 2020). Defendant is therefore entitled to summary judgment.

8

Respectfully submitted,

By: /s/ James v. Noonan
One of the Attorneys for Defendant

James V. Noonan #6200366
Robert E. Haney #6189905
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455
jnoonan@noonanandlieberman.com
rhaney@noonanandlieberman.com

1433-8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, | ) ) ) | Civil Action |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-04522 |
| LAW OFFICES OF IRA T. NEVEL, LLC, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

> Mohammed Badwan
> Sulaiman Law Group, Ltd.
> 2500 S. Highland Avenue, Suite 200
> Lombard, IL 60148
> mbadwan@sulaimanlaw.com

on January 26, 2021.

                                              Respectfully submitted,

                                              By: /s/ James v. Noonan
                                                  One of the Attorneys for Defendant

James V. Noonan #6200366
Robert E. Haney #6189905
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455
jnoonan@noonanandlieberman.com
rhaney@noonanandlieberman.com